859 F.2d 922
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Gordon L. PLATT, Plaintiff-Appellant,
v.
CITY OF DAYTON DEPARTMENT OF URBAN DEVELOPMENT, William
Schulke, Housing Inspector for City of Dayton,
Jeffrey Rucker, Harvey Thorp,
Defendants- Appellees.
 No. 88-3103.
 United States Court of Appeals, Sixth Circuit.
 Oct. 4, 1988.
 
 1
 Before ENGEL, Chief Judge, BOGGS, Circuit Judge, and THOMAS A. BALLANTINE, District Judge.*
 
 ORDER
 
 2
 This pro se Ohio plaintiff appeals the district court's judgment denying his motion for a preliminary injunction. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In a complaint filed under 42 U.S.C. Sec. 1983, plaintiff Gordon Platt alleged that defendants deprived him of his constitutionally protected rights. Platt complained that defendants entered his property without his consent, terrorized his tenants, brought false charges against him for housing code violations, and obtained an unlawful condemnation order against his property. He asserted that defendants were selectively enforcing the housing code against him because he had achieved the removal of his sister-in-law, a city employee, as executrix of his wife's estate. Platt filed a motion for a preliminary injunction to prevent defendants from evicting his tenants and tearing down his buildings pending the outcome of the civil rights suit.
 
 
 4
 The matter was assigned to a magistrate with consent of the parties pursuant to 28 U.S.C. Sec. 636(c). After a hearing on the motion for preliminary relief, the magistrate denied the motion and further ordered that the matter should be held in abeyance pending the outcome of related state administrative proceedings.
 
 
 5
 Upon review, we must determine whether the district court abused its discretion in light of four factors: (1) whether the movant has shown a strong likelihood of success on the merits; (2) whether irreparable injury will occur absent the injunction; (3) whether the injunction could harm third parties; and (4) whether the public interest would be served by issuing the preliminary injunction. Planned Parenthood Ass'n v. City of Cincinnati, 822 F.2d 1390, 1393 (6th Cir.1987). These factors are not prerequisites to the grant or denial of a preliminary injunction but are matters to be weighed by the court. See Frisch's Restaurant, Inc. v. Shoney's Inc., 759 F.2d 1261, 1263 (6th Cir.1985). We conclude that the magistrate properly considered these factors and that the denial of the motion for an injunction was not an abuse of discretion.
 
 
 6
 Accordingly, the district court's judgment filed January 25, 1988, is hereby affirmed for the reasons stated in the magistrate's memorandum opinion. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Thomas A. Ballantine, Jr., U.S. District Judge for the Western District of Kentucky, sitting by designation